## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RIVERVIEW FARMS, *et al.*,   )<br>   )<br>   Plaintiffs,   )<br>   )        No. 18-cv-1099 L<br>   v.   )<br>   )        Judge Richard A. Hertling<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Defendant.   )<br>_____   ) | |

### JOINT MOTION TO EXTEND JURISDICTIONAL FACT DISCOVERY

The parties submit this joint motion to extend the period of jurisdictional fact discovery from May 21, 2021 to November 19, 2021. This is the parties' second request for an extension of jurisdictional fact discovery. The parties previously moved for an extension on November 13, 2020, and the Court granted that motion extending the period for jurisdictional fact discovery from November 20, 2020 to May 21, 2021. (ECF No. 61; ECF No. 62).

As discussed in the February 19, 2021 Joint Status Report (ECF No. 63), restrictions related to the COVID-19 pandemic have continued to limit the parties' progress with certain in-person discovery tasks, including meeting with clients for discovery responses, collection of hard copy documents, and depositions. As the parties are vaccinated and pandemic restrictions ease, the parties anticipate being able to move forward with in-person discovery tasks.

To date, both plaintiffs and the United States have completed their first production of documents in this case and have provided their written objections to document requests. Plaintiffs produced their first set of documents on December 18, 2020, and the United States produced its first set of documents on February 17, 2021. Plaintiffs informed the United States that they were unable to download the United States' production. The parties communicated possible solutions thereafter, but plaintiffs' counsel remained unable to download the production

1

after further attempts. On or about April 23, 2021, the United States sent plaintiffs a hard drive with the 6,267 documents. Plaintiffs were able to access the documents by April 27, 2021.

Limitations and safety concerns related to the COVID-19 pandemic have impeded the collection of additional responsive documents for both the United States and plaintiffs. The United States is still unable to access some document repositories to determine whether there are additional responsive documents in those locations. Many state, county, and federal record depositories remain closed, including the national archives' facilities, and prevent the United States from searching for historic records and photos that may help assess the timeliness of plaintiffs' claims. Certain facilities are starting to open, however, and the United States is optimistic that more will open with further decreases in COVID-19 cases. Likewise, plaintiffs have continued to search for other responsive documents, but until recently, plaintiffs' counsel had been unable to meet in-person with the bellwether plaintiffs to collect more documents. Both plaintiffs and the United States plan to supplement their productions in the next several weeks with documents they recently have been able to obtain.

Due to the above-mentioned COVID-19 limitations and delayed in-person meetings, neither plaintiffs nor the United States has yet responded to interrogatories. The parties had previously negotiated mutual extensions for responses. With the mutual extensions, plaintiffs' responses were due on May 2, 2021 and the United States' responses were due on June 1, 2021. The parties again have conferred over email and believe a short extension for responses should suffice to allow the parties to convene with clients and provide complete responses, making supplemental responses less likely. Based on the parties' agreement, and subject to the Court granting this motion, plaintiffs will respond to the United States' interrogatories by June 2, 2021, and the United States will respond to plaintiffs' interrogatories by June 17, 2021.

Social distancing concerns have also delayed plaintiffs' completion of waivers necessary for the USDA's release of documents relevant to this case.[1]  As previously stated, plaintiffs' counsel has been delayed in meeting in person with the bellwether plaintiffs and unable to fully complete revised waivers for the USDA.  Without the revised waivers, the USDA cannot release relevant records for the bellwether plaintiffs' parcels.  Plaintiffs intend to provide the waivers on June 2, 2021 with their responses to the United States' interrogatories.  Once USDA receives those waivers, the United States should be able to produce the relevant records in a matter of a few weeks.  The parties may also need to obtain waivers from potential non-parties (including former owners and operators) who have interests in the parcels owned by the bellwether plaintiffs.

After the parties have reviewed interrogatory responses and any additional produced documents, the parties will still need to conduct depositions and conduct site visits of the allegedly impacted areas.  Accordingly, the parties request that the Court extend the jurisdictional fact discovery deadline to November 19, 2021.  The parties also request that the Court extend the deadline for the joint status report setting forth a proposed schedule for further proceedings, such as expert discovery, to November 19, 2021.[2]

---

[1] As previous joint filings stated (ECF No. 59, ECF No. 61), all persons, including third parties, with agricultural interests in the parcels must submit a waiver for USDA to provide documents for use in litigation.  *See* Section 1619 of the Food, Conservation, and Energy Act of 2008, Public Law 110-246 (7 U.S.C. § 8791); Section 122 of the Agricultural Risk Protection Act of 2000, Public Law 106-224, amending Section 502 of the Federal Crop Insurance Act, 52 Stat. 72 (7 U.S.C. § 1502(c)); and Section 1770 of the Food Security Act of 1985, as amended, Public Law 99-198 (7 U.S.C. § 2276.

[2] As mentioned in previous filings, the United States and plaintiffs plan to offer expert testimony after jurisdictional fact discovery is completed.  The joint status report regarding further proceedings is presently due with the current close of jurisdictional fact discovery on May 21, 2021.

If the Court grants the extension of jurisdictional fact discovery until November 19, 2021, the parties suggest that they report back to the Court as follows:

August 20, 2021:   The parties file a joint status report on their progress in jurisdictional fact discovery.

November 19, 2021:   Jurisdictional fact discovery closes and the parties file a joint status report setting forth a proposed schedule for further proceedings related to the issue of whether the Court has jurisdiction over plaintiffs' claims.

Dated: May 7, 2021

| FLINT LAW FIRM, LLC | JEAN E. WILLIAMS |
|---|---|
|  | Acting Assistant Attorney General |
|  | Environment & Natural Resources Division |
| /s/ Ethan A. Flint (with permission) |  |
| ETHAN A. FLINT | /s/ Edward C. Thomas |
| ADAM M. RILEY | EDWARD C. THOMAS |
| 222 E. Park St., Suite 500 | DUSTIN J. WEISMAN |
| P.O. Box 189 | ASHLEY M. CARTER |
| Edwardsville, IL 62025 | MARK PACELLA |
| (618) 288-4777 | U.S. Department of Justice |
| (618) 288-2864 (facsimile) | Environment & Natural Resources Division |
| eflint@flintlaw.com | Natural Resources Section |
| ariley@flintlaw.com | P.O. Box 7611 |
|  | Washington, D.C. 20044-7611 |
| ATTORNEYS FOR PLAINTIFFS | (202) 305-0239 |
|  | (202) 305-0506 (facsimile) |
|  | edward.c.thomas@usdoj.gov |
|  |  |
|  | ATTORNEYS FOR THE UNITED STATES |